IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT L BREEDEN,

                    Plaintiff,                          OPINION AND ORDER

    v.
                                                        24-cv-102-wmc

RENELDA J. GEISINGER,

                    Defendant.

Plaintiff Robert Breeden claims that defendant Renelda Geisinger gave several, false statements to police, then perjured herself during his criminal trial, resulting in his illegal seizure and malicious prosecution, respectively.  Because plaintiff seeks to proceed without prepayment of the filing fee, the next step is to screen his proposed complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages.[1]  28 U.S.C. § 1915(e)(2); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 2011) ("district courts have the power to screen complaints filed by all litigants, prisoners, and non-prisoners alike, regardless of fee structure").

Because Breeden is representing himself, the court accepts his allegations as true and construes them generously, holding him to a less stringent standard than would apply if a lawyer had drafted the complaint.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  Even construed generously, however, the court must dismiss his complaint with prejudice because it does not state a claim and an amendment would be futile.

---

[1] Prison records show that Breeden was released from prison in January 2024, just before he filed this complaint in February 2024.

ALLEGED FACTS

Breeden alleges that defendant Geisinger and he are both Wisconsin citizens, and that Geisinger made several false statements to law enforcement, so that they would arrest him, *and* she could obtain a restraining order, which she then used to steal $250,000 of his personal belongings.   Breeden further alleges that Geisinger defamed him by falsely reporting that he pistol-whipped her in statements to the Rice Lake Police Department, in a restraining order, at his criminal trial, and at sentencing.  Finally, he appears to allege that Geisinger filed a civil suit to recover items from him that she never owned.  As a result, Geisinger now asks this court to award him money damages *and* to order the district attorney to file criminal charges against Geisinger.

OPINION

Among other state law claims, the court understands plaintiff to claim that defendant violated his Fourth Amendment rights against illegal seizure and malicious prosecution under 42 U.S.C. § 1983.  *Coleman v. Vang*, No. 21-CV-65-WMC, 2024 WL 1140907, at *4, 11 (W.D. Wis. Mar. 15, 2024) (explaining that illegal seizure and malicious prosecution claims arise under the Fourth Amendment).  However, to the extent that he is suing for violations of his federal constitutional rights under § 1983, the court must dismiss the claim because defendant is a private citizen.

Generally, "[s]ection 1983 does not cover disputes between private citizens" because they are not acting under color of state law, *Plaats v. Barthelemy*, 641 F. App'x 624, 627 (7th Cir. 2016), unless acting jointly with state actors under color of law to violate a person's rights.  *E.g.*, *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017)

("A private person acts under color of state law when she is a willful participant in joint action with the State or its agents." (quotation marks omitted)).  Here, although plaintiff alleges that defendant provided false information to the police, he provides *no* details even suggesting, much less providing a basis for a reasonable inference, that defendant and law enforcement consciously worked together to harm him.  *See Mehta v. Des Plaines Dev. Ltd.*, 122 F. App'x 276, 278 (7th Cir. 2005) ("a private person does not act under color of state law solely by virtue of contacting and cooperating with the police"); *see also Kelley v. Myler*, 149 F.3d 641, 648 (7th Cir. 1998) (defendant not a state actor when plaintiff presented no evidence that defendant and police officers had "reached an agreement to deprive her of her constitutional rights").  Accordingly, plaintiff's claim under § 1983 must be dismissed.

Further, plaintiff has no authority to start criminal proceedings against defendant nor can this court initiate criminal proceedings on its own.  *See Garder v. Harvard Univ.*, No. 21-CV-503-WMC, 2023 WL 2163083, at 5*, 8 (W.D. Wis. Feb. 22, 2023) ("[plaintiff] does not have a private right of action to sue in federal court for violations of federal criminal statutes, and [the court] cannot initiate federal criminal proceedings").

Finally, for plaintiff to pursue any defamation, slander, or civil theft claims under Wisconsin law in federal court, the amount in controversy must exceed $75,000 *and* there must be complete diversity of citizenship, meaning that Breeden may not be a citizen of the same state as Geisinger.  28 U.S.C. § 1332(a)(1); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).  Although plaintiff asks for more than $75,000 in damages, he also alleges that defendant and he are *both* Wisconsin citizens, so diversity of citizenship is not

3

satisfied.  Subject to the applicable Wisconsin statute of limitations, however, plaintiff may attempt to pursue any state law claims against defendant *in state court*.

Accordingly, the court will dismiss this action.  Further, amendment would be futile because the court has no basis to infer that Breeden could amend his complaint to save it from dismissal.  Indeed, in the unlikely event that plaintiff could allege facts permitting a reasonable inference that defendant acted in concert with police and state prosecutors to bring criminal charges against him, that claim would still be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (plaintiff cannot bring claims for damages under § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless his "conviction or sentence has already been invalidated").  So, the court will not offer him the opportunity to amend.  *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (emphasis original and citation and quotation marks omitted).

ORDER

IT IS ORDERED that:

1) Plaintiff Robert Breeden's complaint (dkt. #1) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2) The court further CERTIFIES that any appeal from the dismissal would be taken in bad faith for purposes of Fed. R. App. P. 24(a)(3) because the court has reviewed the record and sees no non-frivolous ground for appeal. *See* 28 U.S.C. § 1915(a)(3).

3) The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered this 4th day of February, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5